Pete G. **FONSECA**, Appellant,

v.

The **STATE** of Texas et al., Appellees.

No. 3405.

Court of Civil Appeals of Texas.

Waco.

Dec. 6, 1956.

Rehearing Denied Jan. 3, 1957.

Polk Hornaday, Harlingen, for appellant.

John Ben Shepperd, Atty. Gen., A. M. LeCroix, Asst. Atty. Gen., for appellees.

TIREY, Justice.

This is an appeal from an order sustaining defendants' plea in abatement. In the order we find this recital:

"* * * it is the opinion of the court that the law is with the defendant, and that said plea in abatement should be in all things sustained; and the court having heard said Motion to Show Authority, and it having been stipulated in open court by counsel for plaintiff that John Ben Shepperd was and is the duly elected and constituted Attorney General of the State of Texas, and further, that Assistant Attorney General A. M. LeCroix, who appeared in court representing the Attorney General of the State of Texas, was a duly appointed Assistant Attorney General at such time, and the court having further heard argument of counsel for both parties on said Motion to Show Authority, and being fully advised in the premises, it is the further opinion of the court that the law is against said plaintiff's motion, and that said Motion to Show Authority should be in all things overruled."

The court overruled plaintiff's Motion to Show Authority, and decreed that defendants' plea in abatement be sustained, and that the State of Texas and the Texas Highway Department be dismissed from the action, and adjudged the costs against plaintiff.

Appellant assails the order on what he designates as two points: "(1) The District Judge erred in refusing to sustain plaintiff's motion to require defendants' at-

torney to show authority to file the plea in abatement; and (2) the District Judge erred in sustaining defendants' plea in abatement, thereby refusing to let the cause proceed to trial and thereby holding for naught the act of the Legislature as expressed in H.C.R. 40."

We quote the pertinent part of appellant's statement of the case:

"He sued appellees, State of Texas and the State Highway Department of the State of Texas, for injuries received by appellant when he, on or about October 13, 1955, ran into a State Highway Department truck standing in the highway; plaintiff being under the impression and assuming that the truck was in motion—and not stopped or standing—as he appellant, proceeded to pass around another truck just in front of appellant and between appellant and the Highway Department truck. Appellant, as plaintiff below, alleged that on account of the truck's standing, he did not have room to clear it; and consequently, appellant's automobile collided with the truck, severely damaging appellant's automobile; and appellant himself suffering severe and lasting bodily injuries.

"Thereafter, House Concurrent Resolution No. 40 was passed by the 54th Texas Legislature at its 1955 Regular Session. A copy of this resolution appears in the transcript as part of appellant's original petition; and again, in the transcript as part of appellant's original petition upon which appellant futilely sought to go to trial; H.C.R. No. 40 permitting him to sue the State."

Plaintiff went to trial on his amended original petition. As grounds of negligence plaintiff alleged substantially that he was driving his car on October 13, 1955 on Highway No. 77, enroute from San Benito to Harlingen, and that his speed was about 40 miles per hour; that defendants and their employees, acting within the scope of their authority, were engaged in the installation of a caution light at the intersection of Highway 77 with a paved road known as the Williams Road, which point was about one mile north of San Benito; that at said point the defendants had standing in the middle of the highway intersection a Texas State Highway Department truck; that standing in the truck and near the middle thereof was a sort of climbing tower that extended upward to where the employee was installing the caution light, which light was suspended on a large metallic wire; that one employee was perched near the top of the climbing tower and was working with the traffic caution light; that some 60 or 75 feet southeast of the intersection another employee was working and standing at and near the base of a guy wire or cable post, to which was attached a part of the metallic wires or cables which extended overhead connecting with the center caution light holder, "diagonally and about the same distance to the northwest where the metallic wires or cable were fixed to another post in the ground;" that there were no warning signs of any kind placed along the highway in either direction from the place where they were installing the light; that there was no guard or employee in any direction from the place of installation to give flag warnings or notice to travelers or motor vehicles approaching the intersection. Plaintiff alleged that the foregoing facts constituted negligence on the part of defendants that proximately resulted in his operating his car into the truck that was standing still and by reason thereof he was damaged, as more particularly set out, and he prayed for affirmative relief. He pleaded specific damages and alleged that he had been injured in the total sum of $30,000, and he prayed for such relief.

Defendants seasonably filed their plea in abatement, and for such plea alleged substantially that the location and maintenance of the State highways by the State of Texas, through the State Highway Depart-

---

---

ment, are the performances of governmental duties and functions, and the law is well established that the State is not liable in damages for the torts, negligence, malfeasance or misfeasance of its employees engaged in the performance of such governmental functions or duties, and prayed that its plea in abatement be sustained.

Hon. Menton J. Murray, a member of the 54th Regular Session of the Legislature, testified that he secured the services of a member of the Attorney General's staff to prepare H.C.R. 40, and that he introduced it in the Legislature, and there is no question but that this resolution was passed pursuant to law and that it granted to plaintiff the right to file this suit against the State of Texas and the State Highway Department.

Appellees in their reply brief state: "The State wishes to call this Court's attention to that portion of the judgment of the Trial Court wherein it was recited that Appellant's counsel had, in open court, stipulated that John Ben Shepperd was and is the duly elected and constituted Attorney General of the State of Texas, and further, that Assistant Attorney General A. M. LeCroix was a duly appointed Assistant Attorney General at such time;" that H.C.R. 40 did not and could not waive the State's defense of immunity from liability for the tortious acts of its employees, and that it was the purpose of injecting this legal defense, which the State had, that plea in abatement was filed.

Needless to say, appellant's first point of error is without merit and the trial court did not err in overruling appellant's motion to cite the Attorney General to show his authority. This fully appears from a recital in the order appealed from.

Going back to appellant's Point 2, it is the State's contention that the Legislature, by granting permission to be sued, did not thereby admit liability nor create any liability in favor of appellees, but that it merely granted permission to test the matter of liability through the courts. Such rule is announced in State v. Isbell, 127 Tex. 399, 94 S.W.2d 423; Brooks v. State, Tex. Civ.App., 68 S.W.2d 534, er. ref.; State v. McKinney, Tex.Civ.App., 76 S.W.2d 556 (no writ history). See also 38 Tex.Jur. 856; State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934; State v. McDonald, Tex.Civ.App., 220 S.W.2d 732, writ ref.; Matkins v. State, Tex.Civ. App., 123 S.W.2d 953, writ dismissed, judg. correct.

In Brooks v. State, supra, it was expressly held that the location, construction and maintenence of State highways by the Texas Highway Department is a governmental function. It is equally well settled that the State is not liable for the torts and negligence of its officers, agents or servants or employees engaged in the performance of a governmental function, unless it has expressly assumed such authority, and in the Brooks case, supra, the court held that the Legislature had not imposed upon the State liability for such damages as the appellant seeks to collect here. Appellant grounded his cause of action upon the alleged negligence of the employees of the State of Texas and the State Highway Department, while engaged in the construction and maintenance of a State highway. Such was a governmental function and by reason thereof, there is no liability on the State of Texas or the State Highway Department, and it would have been a useless consumption of the court's time to have proceeded further with this alleged cause of action. Therefore, it was the duty of the trial court to sustain the plea in abatement and dismiss the alleged cause of action.

Accordingly, the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.