**ONORAY DAVIS TRUCK CO., INC. dba Onoray Davis Trucking, Co., Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, et al., Appellees.**

**No. A14–84–636CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 1985.

Rehearing Denied April 4, 1985.

Carnegie H. Mims, Jefferson, Sherman & Mims, Houston, for appellant.

Jim Mattox, Atty. Gen., Alvin K. James, Asst. Atty. Gen., Austin, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

### OPINION

ELLIS, Justice.

This is a suit for damages for an alleged wrongful repossession of appellant's truck. Appellant, Onoray Davis Trucking Company, Inc., sued Ford Motor Credit Company, Port City Ford Truck Sales, Inc., and appel-

lee, J.R. Hunnicutt, individually and in his official capacity as regional supervisor for the Texas Department of Highways and Public Transportation for deceptive trade practices, conversion, wrongful repossession, conspiracy, and unreasonable collection methods. The trial court granted the State's Motion for Summary Judgment and the trial court ordered appellant to amend his petition to delete all references to the State of Texas or to an official of the State of Texas. We modify the summary judgment order and affirm.

Appellant has two points of error on appeal. He alleges that the trial court erred when it dismissed the State of Texas and J.R. Hunnicutt on the basis of sovereign immunity because the State had given its consent to the suit. Secondly, appellant contends that the trial court committed error when it dismissed the State of Texas and J.R. Hunnicutt from this suit on the basis of sovereign immunity because a suit against a state official is not necessarily a suit against the State.

In its petition appellant states that on May 3, 1979, it purchased a 1979 Ford truck from Port City Ford Truck Company. It made two payments on the note to the Ford Motor Credit Company and then appellant's president, Onoray Davis, paid in cash the entire balance due and owing. Appellant claims it received a receipt and the installment contract which was marked "paid in full." A few days after full payment was made, appellant claims it received a clear certificate of title to the truck, issued by the State Department of Highways and Public Transportation.

Appellant asserts that it received oral notice from Ford Motor Credit Company that it was in arrearage on the note which financed the truck purchase. Appellant informed the credit company that the amount due and owing was paid and it had a receipt for the payment, the installment contract marked "paid in full," and a clear certificate of title. On November 6, 1979, appellant claims it received a letter from the State Department of Highways and Public Transportation that Ford Motor

Credit Company and Port City Ford Truck Sales, Inc., had filed an application to alter the certificate of title to show Ford Motor Credit Company as the first lien holder on the certificate of title. On that same day, Davis allegedly gave the installment contract marked "paid in full" to his truck driver to keep in the truck in the event anyone questioned him about the ownership of the truck. On the evening of November 6, 1979, someone broke the lock on appellant's fence and took its Ford truck. Appellant alleges that both Ford Motor Credit Company and Port City Ford Truck Sales, Inc., have acknowledged repossessing the truck.

■ Appellant's contention that the State of Texas and J.R. Hunnicutt should not have been dismissed because the State gave its consent to be sued has no merit. Appellant alleges that the court dismissed J.R. Hunnicutt in both his individual and official capacities. As we will later discuss, this is not true. The court's summary judgment order requires that appellant delete any reference to the State of Texas or an official of the State as a defendant. This order may be ambiguous but it should not dismiss Hunnicutt in his individual capacity.

■ While the State may waive immunity from suit, as the State has done here, it may not waive its immunity from liability by means of special legislation. *Adams v. Harris County, Texas*, 530 S.W.2d 606, 608 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), *appeal dismissed*, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976). All appellant's causes of action are based in tort. The State is immune from liability for torts of its officers or agents in the absence of constitutional or statutory provisions therefor. *Duhart v. State*, 610 S.W.2d 740, 741 (Tex.1980). The Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970 and Supp.1985), waives governmental immunity for certain stated causes of action. Section 3 of that act provides for waiver of governmental immunity in three general areas. It waives

immunity from liability for death, personal injury, or property damages resulting from the use of a publicly owned automobile. It also waives immunity from liability for death or personal injuries growing out of premise defects, and injuries arising out of some condition or use of property. *Duhart*, 610 S.W.2d at 742. Appellant's cause of action is not covered by the Texas Tort Claims Act. Point of error one is overruled.

Appellant's second point of error brings to our attention the ambiguous summary judgment order in which the State of Texas, and Hunnicutt in his official capacity, are dismissed. That order provides:

> It is, THEREFORE, ORDERED that the State of Texas be dismissed from this cause of action, and that Plaintiff amend his petition to delete all references to the State of Texas or to an official of the State of Texas as a party of Defendant herein within twenty days of this order.

On the same day the State's summary judgment was granted, the court denied Hunnicutt's motion for summary judgment. Taking the two orders together, it appears the trial judge meant for Hunnicutt in his individual capacity to remain in the suit. As already discussed, we find that the trial court did not err in dismissing the State from the lawsuit.

■ Since the summary judgment order dismissing the State of Texas does not make it clear that Hunnicutt remains in the suit in an individual capacity, we find it necessary to modify the second paragraph of the order to read:

> It is, THEREFORE, ORDERED that the State of Texas be dismissed from this cause of action, and that Plaintiff amend his petition to delete all references to the State of Texas and to J.R. Hunnicutt in his capacity as an official of the State of Texas, as party defendants within twenty days of this order.

Accordingly, the judgment of the trial court is affirmed as modified.