Michael RUSSELL and Wife, Kathy Russell, Individually and As Next Friend of Melani Russell, A Minor, and H.O. Russell and Wife, Ima Russell, Appellants,

v.

The TEXAS DEPARTMENT OF HUMAN RESOURCES, Yvonne Fellers, and Suzanne Womack—Appellees.

No. 9525.

Court of Appeals of Texas, Texarkana.

Feb. 9, 1988.
Rehearing Denied March 22, 1988.

---

Thomas Newman, Texarkana, for appellants.

Edwin N. Horne, Asst. Atty. Gen., Austin, for appellees.

CORNELIUS, Chief Justice.

Appellants brought this action against the Department of Human Resources (DHR) and two of its child protection services specialists, Yvonne Fellers and Suzanne Womack, for damages caused by allegedly negligent acts committed in an investigation of possible sexual abuse involving Melani Russell, a minor. The appellants are the parents and grandparents of Melani. The district court rendered summary judgment against appellants on the basis that their pleadings showed an insur-

mountable obstacle to recovery because the appellees were shielded from liability by official immunity and the action did not come within the Tort Claims Act's limited waiver of immunity. We will affirm the judgment.

DHR received a report that Melani Russell was acting and speaking at school in ways that indicated she might have been sexually abused. In response, Suzanne Womack went to the school to investigate. She interviewed Melani in the presence of the principal and Melani's grandmother, Ima Russell, a teacher at the school. Melani denied that she had been sexually abused or that she had engaged in any kind of sexual talk or activity at school. In view of this denial, Womack told the principal and Ima Russell that she was closing the case, but was not doing so on the ground that it lacked merit. Thereafter, Womack refused to discuss the case with Melani's mother, except to tell her that Melani had symptoms of child abuse and that the abuser in such cases was usually the child's father or grandfather.

Womack refused to reveal the source of her information, but the principal apparently learned that two children at the school had made the report. The two children, who were known to have been sexually abused themselves, stated that they had "made up" the story about Melani while being questioned by their mother as to whether they knew of other students who might be victims of sexual abuse. The principal advised Womack by telephone of this development, and two days later Womack came to the school and spoke to the principal and Ima Russell. Appellants alleged that Womack accused the principal and Ima Russell of having violated the civil rights of the two children who claimed to have made up the story, and of attempting to cover up the true facts about Melani. They also alleged that Womack threatened to file criminal charges of harassment against the principal and Ima Russell, and to file a complaint against both with the school board and the Texas Education Agency. Appellants further alleged that

Yvonne Fellers wrote a letter to the school board president accusing the principal and Ima Russell of hurting the arms of the two children, apparently so as to make them speak to them, and of emotionally abusing the children during questioning.

In summary, appellants pleaded that appellees were negligent and grossly negligent in (1) failing to provide or follow a reasonable procedure for screening reports of sexual abuse; (2) acting upon a report in an unreasonable manner without first verifying it; (3) making libelous and slanderous accusations of criminal conduct against appellants, and threatening criminal charges without reasonable basis; (4) having a predisposed attitude toward the guilt of appellants and refusing to cooperate in ascertaining the truth; and (5) refusing to close Melani's file and purge it of all accusations of guilt.

Appellants' initial pleading was brought under the Tort Claims Act.[1] After appellees filed special exceptions alleging the failure to state a claim under the Act, appellants amended their petition to allege claims under the Tort Claims Act, the common law, the Texas Constitution, and "other statutes of the state." After the petition was amended, appellees moved for summary judgment on the basis that the pleadings still failed to state a cause of action, and the court granted the motion.

Appellants contend that summary judgment was improper because appellees' motion did not demonstrate an insurmountable obstacle to recovery; immunity had been waived by the State's consent to the suit; and that genuine issues of fact were raised regarding their rights to recover under the Constitution and the common law.

### PROPRIETY OF SUMMARY JUDGMENT ON THE PLEADINGS

Normally, whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex. 1983). However, when a party has been

---

1. Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001, et    seq. (Vernon 1986 & Supp.1988).

given an opportunity to amend after special exceptions have been sustained, the case may be dismissed for failure to state a cause of action. *Id.; see also, Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543 n. 1 (Tex.1971). After the plaintiff has been informed of the failure to state a cause of action and has been allowed to amend his pleadings, if the pleadings still fail to state a cause of action a motion for summary judgment may properly be granted. *Texas Department of Corrections v. Herring,* supra.

Here, appellees did file special exceptions pointing out the failure to state a cause of action under the Texas Tort Claims Act and that no cause of action would lie under the common law because of official immunity. Appellants did amend their pleading, but the factual allegations were identical to the original except for references to the Constitution and other statutes and a claim that legislative consent to sue had been obtained. Appellees then filed a motion for summary judgment based on the amended pleadings, specifically claiming the affirmative defense of official immunity. At that stage, if the uncontroverted summary judgment proof, together with appellants' pleadings, established that the pleaded action was not within the Texas Tort Claims Act and was barred by official immunity, summary judgment was proper.

## DID APPELLANTS STATE A CASE?

### The Tort Claims Act

█ The Tort Claims Act provides that a governmental unit such as DHR may be liable for personal injuries caused by the negligence of an employee in the scope of employment if the injuries are caused by a condition or use of tangible property where the governmental unit would, if it were a private person, be personally liable under Texas law. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). Neither appellants' original nor their amended pleading alleged that their injuries were *caused by* a condition or use of tangible property. They contend, however, that because their allegations implied the *use* of tangible property, such as telephones, computers and the report forms used in acting on child abuse reports, they stated a claim under the Act. We disagree. While it may be assumed that such property was *used* by appellees in the investigation, mere usage does not meet the statutory requirement for *causation. See Bryant v. Metropolitan Transit Authority,* 722 S.W.2d 738 (Tex.App.–Houston [14th Dist.] 1986, no writ); *Pierson v. Houston Independent School District,* 698 S.W.2d 377 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.); *see also, Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976) (Greenhill, C.J., concurring). There is no allegation that the use of property caused any injuries. Appellants thus failed to state a cause of action under the Texas Tort Claims Act.

### Immunity

█ The State is immune from liability for the torts of its officers and agents unless some constitutional or statutory provision allows such liability. *Duhart v. State,* 610 S.W.2d 740 (Tex.1980); *State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *Lowe v. Texas Tech University,* supra; *State v. Dickerson,* 141 Tex. 475, 174 S.W.2d 244 (1943); *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731 (1941). No constitutional or statutory provision imposing such liability is applicable to the allegations in this case.

█ Likewise, State employees whose status or actions may be classified as quasi-judicial are immune from personal tort liability, however erroneous or negligent their actions may be, as long as they act within the scope of their authority and in good faith. *Austin v. Hale,* 711 S.W.2d 64 (Tex.App.–Waco 1986, no writ); *Augustine by Augustine v. Nusom,* 671 S.W.2d 112 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Baker v. Story,* 621 S.W.2d 639 (Tex.Civ.App.–San Antonio 1981, writ ref'd n.r.e.); *Richardson v. Thompson,* 390 S.W.2d 830 (Tex.Civ.App.–Dallas 1965, writ ref'd n.r.e.); *Torres v. Owens,* 380 S.W.2d 30 (Tex.Civ.App.–Corpus Christi 1964, writ ref'd n.r.e.). Answers to interrogatories on file and copies of statutes and policies gov-

erning the DHR's duties show that appellees Fellers and Womack occupied quasi-judicial positions and were acting within the scope of their authority in conducting the investigation which forms the basis of appellants' suit. *Austin v. Hale,* supra. In fact, appellants pleaded that they were acting in the scope of their authority. There is no allegation that Fellers and Womack acted in bad faith; only that they were negligent. There is one statement in the pleading that appellees' negligence was intentional and malicious, but it is made in support of and as a part of an allegation of gross negligence and not as an allegation of bad faith. At best, the statement about intentional and malicious conduct is a conclusion. There are no facts alleged which would constitute any evidence of intent to harm or of malicious conduct. Conclusory statements do not constitute effective summary judgment proof. *Mercer v. Daoran Corp.,* 676 S.W.2d 580 (Tex.1984); *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984); *Crain v. Davis,* 417 S.W.2d 53 (Tex.1967); *Wilkes v. Mason,* 529 S.W.2d 255 (Tex.Civ. App.–Amarillo 1975); *S.K.Y. Investment Corp. v. H.E. Butt Grocery Co.,* 440 S.W. 2d 885 (Tex.Civ.App.–Corpus Christi 1969, no writ).

Thus, the record and appellants' pleadings conclusively demonstrated that DHR and Fuller and Womack are immune from the liability claims asserted against them. *Austin v. Hale,* supra; *Augustine by Augustine v. Nusom,* supra.

*Waiver*

■ Appellants assert, however, that the State has waived its immunity by House Concurrent Resolution 133 which granted permission to bring the suit. We disagree. Consent of the State to be sued does not admit liability or waive the State's immunity to liability. *State v. Isbell,* 94 S.W.2d 423 (Tex.Comm'n App.1936, opinion adopted); *Onoray Davis Truck Co. v. Ford Motor Credit,* 690 S.W.2d 40 (Tex. App.–Houston [14th Dist.] 1985, no writ); *Fonseca v. State,* 297 S.W.2d 199 (Tex.Civ. App.–Waco 1956, no writ). Indeed, the con-

sent to sue in this case expressly provides that it does not amount to such a waiver.

*Constitutional Claims*

Appellants also argue that they have stated a cause of action because appellees' negligence deprived them of due process and constituted an unlawful invasion of their privacy in violation of the United States Constitution.[2]

■ The due process clause is not implicated by an official's negligent act which causes an unintended loss of or injury to life, liberty or property. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Dent v. City of Dallas,* 729 S.W.2d 114 (Tex.App.–Dallas 1986, writ ref'd n.r.e.).

■ Neither appellants' pleadings nor their response to the motion for summary judgment raises a cause of action for invasion of privacy. Appellees had a legal duty to investigate the sexual abuse report under Tex.Fam.Code Ann. § 34.05 (Vernon 1986 & Supp.1988). There is no constitutionally mandated right to privacy which would prohibit such an inquiry.

## CONCLUSION

Because after amendment appellants' own pleadings established an insurmountable obstacle to their recovery, summary judgment was proper.

The judgment of the trial court is affirmed.

---

**2.** Appellants did not plead a violation of rights under the United States Constitution, but did raise it in their response to the motion for summary judgment.