John E. COX, Appellant,

v.

**GALENA PARK INDEPENDENT SCHOOL DISTRICT, et al.,**
Appellees.

No. 13–93–481–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 1, 1994.

James S. Kelly, Houston, for appellant.

Merri Schneider–Vogel, Jeffrey J. Horner, Kelly Frels, Bracewell & Patterson, Houston, for appellees.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

John Cox appeals from a summary judgment dismissing his claim that the Galena Park Independent School District (GPISD), its superintendent, and its board of trustees conspired to terminate his employment with the school district. Following a non-jury trial, Cox also appeals from a judgment rendered in favor of GPISD on his claim of sexual discrimination. We affirm the trial court's judgments.

### Facts

John Cox was a noncontract, at-will employee of GPISD where he worked as a grounds maintenance supervisor. In 1987, Cox was indicted for theft and theft of services in conjunction with barbecuing activities done with GPISD property. Cox pleaded no contest, received deferred adjudication, was placed on probation for five years, and was assessed a $500 fine. GPISD conducted its own internal investigation of the charges. Dr. Don Hooper, GPISD's superintendent, reviewed documents maintained by the dis-

trict attorney's office and Cox's sworn testimony from the hearing at which he pleaded no contest to the charges of theft and theft of services. After reviewing these documents and the surrounding circumstances, Hooper terminated Cox's employment with GPISD on November 15, 1989.

After his employment was terminated, Cox filed a grievance with GPISD and received a hearing before the school board on January 22, 1990. The school board voted to deny Cox's grievance effectively ratifying the superintendent's decision to terminate Cox's employment with GPISD. Additionally, Cox filed a claim of sexual discrimination with the Texas Commission on Human Rights.

Cox sued GPISD, Hooper, Gerald Cobb, former superintendent, and all members of the Board of Trustees of GPISD in their elected trustee capacity and individually, alleging conspiracy, negligence, wrongful discharge, and intentional infliction of emotional distress and sexual discrimination. GPISD and the individuals filed special exceptions. The trial court sustained the special exceptions and instructed Cox, among other things, to replead and state specific facts to pierce the individuals' immunity. Cox amended his petition but asserted the same factual allegations as in his original petition.

GPISD and the individuals named in the lawsuit, both in their individual and official capacities, based upon the amended pleadings, filed a motion for summary judgment relating to Cox's claims of negligence, wrongful discharge, conspiracy, and intentional infliction of emotional distress claiming the affirmative defense of immunity. GPISD and the individuals contended that Cox's first amended petition did not cure the pleading defects raised earlier by their sustained special exceptions.

On March 15, 1993, the trial court signed a summary judgment that ordered all tort claims against GPISD dismissed, and all tort claims and the sexual discrimination claim against Hooper and Cobb and all members of the GPISD Board of Trustees sued both in their individual and official capacities dismissed. By its order, the trial court held that the only remaining cause of action in the lawsuit was the sexual discrimination claim against GPISD brought pursuant to the Texas Commission on Human Rights Act.

The sexual discrimination claim proceeded to trial after which the court entered the judgment in favor of GPISD. The court filed findings of fact and conclusions of law stating that the acts of discrimination complained of were barred by the statute of limitations and by Cox's failure to comply with the statutory and administrative requisites set forth in the Texas Commission on Human Rights Act.

By two points of error, Cox appeals only the dismissal of his tort claim of conspiracy by the summary judgment and the judgment in favor of GPISD on his sexual discrimination claim.

## Conspiracy

By point one, Cox asserts that the trial court erred in granting summary judgment in favor of all of the appellees, in both their individual and official capacities, as it related to Cox's conspiracy claim. The grounds stated in the motion for summary judgment were: (1) that Cox failed to state a cause of action for which relief may be granted, and (2) the doctrine of governmental or qualified immunity bars all tort claims against Hooper, Cobb, and the other named individuals.

It is unclear from the summary judgment order whether the conspiracy claim was dismissed because the trial court determined that the appellees were immune from the tort claim of conspiracy or whether the court dismissed the claim because the appellees showed as a matter of law that there was no conspiracy.

 To sustain a summary judgment, we must determine that the summary judgment evidence establishes as a matter of law that no genuine issue of material fact exists as to one or more of the essential elements of the cause of action and that the movant is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The burden of proof is on the movants and all evidence favorable to the nonmovant is taken as true and we indulge every reasonable inference in the nonmovant's favor, and resolve any doubt in the

nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985). Conclusory assertions and speculation are insufficient to raise a genuine issue of material fact precluding summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984). When a defendant moves for summary judgment on several theories and the trial court enters a judgment without specifying the ground relied upon, we affirm the summary judgment if any one of the theories advanced is meritorious. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.— Corpus Christi 1992, writ denied).

As a basis for summary judgment, the GPISD and the individuals asserted that they were immune from liability for the tort claim of conspiracy. GPISD and the individuals argue that Cox's pleadings were conclusory and failed to pierce their governmental immunity.

 The law is well settled that an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978); *Williams v. Conroe Indep. School Dist.*, 809 S.W.2d 954, 957 (Tex.App.—Beaumont 1991, no writ). The waiver of governmental immunity provided in the Texas Tort Claims Act, in the case of school districts, is restricted to causes of action arising from the use of motor vehicles. Tex.Civ.Prac. & Rem.Code Ann. § 101.051 (Vernon 1986). Also, a professional school employee of any school district will not be held personally liable for acts done within the scope of employment which involve the exercise of judgment or discretion, except when disciplining a student the employee uses excessive force or negligence which results in bodily injury. *Barr*, 562 S.W.2d at 849; Tex.Educ.Code Ann. § 21.912 (Vernon 1987). Neither of the exceptions apply in this case. Therefore, provided the individuals were performing discretionary governmental functions, immunity will insulate them from a tort conspiracy cause of action.

Cox asserted that when he began his employment with GPISD, he was instructed to maintain and operate a barbecuing program as part of his duties. He and certain employees working under his authority barbecued meat during school time and used school property. The barbecue was then served at various school functions and at a number of civic functions within the school district. As Cox understood it, the barbecuing was a public relations operation and was a legitimate school district function. Cox asserted that because the Board members knew that barbecuing activities were going on, that knowledge abrogated their grant of immunity for the tort of civil conspiracy.

Cox asserted that a conspiracy occurred because he was hired to do an illegal act, prepare barbecue, of which the individuals were aware. Cox asserts "that there were two or more persons involved in the barbecuing project, that is, board members and administrators who directed the barbecuing be done by Cox and who gave their tacit approval [regarding the barbecue preparation.]" However, Cox does not name any individual board member or administrator who directed him to perform the barbecuing. He then asserts that "the individuals acted in concert legally to bring about an illegal act. Then as a means to distance themselves from the illegal act they terminated his employment."

Repeatedly, Cox alleges that he was "ordered" to perform an "unlawful" act and that his employment was terminated after disclosing that he had performed an illegal act. We note however, that Cox does not mention any of the appellees by name as being the individuals that ordered him to prepare the barbecue, the alleged unlawful act.

Cox, by affidavit, stated that when he was hired, a barbecuing program was being conducted at the school district on the premises of the district by employees of the GPISD. Cox stated that he was informed by the assistant superintendent at the time he was hired, Mr. Zotz, who was not named as a defendant in the lawsuit, that one of his duties was to oversee and be in charge of the barbecuing operation. He stated that the barbecue was to be used for school functions and social events and no profit was to be realized for supplying the barbecue. Cox, however, by sworn testimony in his affidavit attached to his response to the motion for

summary judgment stated that none of the board members or superintendents authorized him to do the barbecues. Additionally, the affidavits submitted by the individual appellees show that Cox had not been authorized by any of them to perform barbecuing activities on school time or any time.

■ An actionable conspiracy claim is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). The essential elements are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Id.*

■ If a plaintiff pleads conclusory or unspecific allegations, a special exception is the appropriate means by which to urge that the plaintiff has not pleaded a cause of action. *Albright v. Texas Dept. of Human Servs.*, 859 S.W.2d 575, 582 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Russell v. Texas Dept. of Human Resources*, 746 S.W.2d 510, 512–13 (Tex.App.—Texarkana 1988, writ denied). When special exceptions are sustained by the trial court, the pleader must be given, as a matter of right, an opportunity to amend the pleading. *Albright*, 859 S.W.2d at 582. When special exceptions are sustained, the pleader may amend the petition or refuse to amend and thereby test the validity of the ruling on appeal. *Id.* When a party has been given an opportunity to amend after special exceptions have been sustained, if the pleadings still fail to state a cause of action a motion for summary judgment may properly be granted. *Russell*, 746 S.W.2d at 513.

Regarding the individuals named in the lawsuit, it was Cox's burden to make specific allegations of misconduct by each individual to negate the defense of immunity. We find

no allegation that would take the case outside the individuals' and the district's immunity.

■ Conclusory statements do not constitute effective summary judgment proof. *Russell*, 746 S.W.2d at 514. We find no summary judgment evidence that would pierce the immunity of GPISD and the individuals. We overrule Cox's first point of error.

### Sexual Discrimination

By point two, Cox asserts that the trial court erred by entering judgment that he had failed to comply with the jurisdictional and procedural requisites of the Texas Commission on Human Rights Act and failed to prove that he was discriminated against on the basis of sex.[1]

A person claiming to be aggrieved by an unlawful employment practice may file a complaint with the Commission. Tex.Rev. Civ.Stat.Ann. art. 5221k, § 6.01(a) (Vernon 1987).[2] A complaint must be filed with the Commission within 180 days after the date the alleged unlawful employment practice occurred. Tex.Rev.Civ.Stat.Ann. art. 5221k, § 6.01(a) (Vernon 1987).[3]

At trial, Hooper testified that he notified Cox on November 15, 1989, that his employment was terminated. He explained that he conducted an exit interview with Cox and that both had signed a termination or exit report on November 17, 1989.

The termination report was entered as evidence at trial. In the space provided titled "Dates Worked" the entry "12–13–83 to 11–15–89" is typed. The report also reflects the signatures of both Hooper and Cox and the date of "11–17–89" appears next to both signatures.

The intake questionnaire submitted to the Commission was signed by Cox with a date of June 29, 1990, and stamped received by the Commission with a date of July 3, 1990. On the form, in the space provided for "Date of Discrimination" Cox stated "1–22–90." Because the first questionnaire was not prop-

---

1. The Commission on Human Rights Act has been codified in Title 2 Protection of Laborers, Subtitle A Employment Discrimination, Chapter 21 Employment Discrimination in the Labor Code. *See* Labor Code Ann. § 21.001 et. seq. (Vernon Pamphlet 1994).

2. This provision now appears as Section 21.201 in the Texas Labor Code.

3. This provision now appears as Section 21.202 in the Texas Labor Code.

erly sworn to by Cox, he filed an amendment which was received on November 30, 1990.

The trial court, by its findings of fact and conclusions of law, determined that the date of the alleged discrimination was the date Cox was terminated, November 15, 1989. The trial court concluded that the 180th day from the alleged act of discrimination was May 14, 1990. The trial court's findings continued that even if Cox filed his charge of discrimination on July 3, 1990, that date was more than 180 days from the date of the alleged discrimination.

The date of alleged discrimination and the date that the complaint was filed with the Commission are questions of fact. In this non-jury proceeding the trial court is the fact finder. If the trial court's findings of fact and conclusions of law are supported by probative evidence then the court of appeals may not disregard that evidence as a matter of law. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

We conclude that the evidence supports the trial court's findings and conclusions that Cox's complaint to the Commission was not filed timely. We overrule Cox's second point of error.

We affirm the trial court's summary judgment dismissing Cox's claim of conspiracy and affirm the trial court's judgment against Cox relating to his claim of sexual discrimination.