

# NUMBER 13-20-00168-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LIONEL HERNANDEZ,                                                    Appellant,

v.

SAN BENITO CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,                                         Appellee.

## On appeal from the 138th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Lionel Hernandez sued appellee San Benito Consolidated Independent

School District (ISD) after he was allegedly injured while riding a mechanical bull on ISD

property. The trial court granted ISD's plea to the jurisdiction. We affirm.

## I. BACKGROUND

According to his petition, Hernandez was attending the Berta Cabaza Festival at an ISD school when he elected to ride a mechanical bull provided by RGV Party Rentals, LLC (RGV) and operated by an ISD employee.[1] The mechanical bull broke off its platform and fell on Hernandez, causing injuries to his foot and knee.

Hernandez sued RGV and ISD, asserting claims against ISD for premises liability and negligent operation or use of motor-driven equipment. Finding no applicable waiver of immunity in the Texas Tort Claims Act (TTCA), the trial court granted ISD's plea to the jurisdiction. This appeal ensued.[2]

## II. STANDARD OF REVIEW

Governmental immunity deprives a trial court of jurisdiction over a suit against a political subdivision of the State unless the Legislature has waived immunity from the claim with clear and unambiguous statutory language. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex. 2006); TEX. GOV'T CODE ANN. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which encompasses the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Whether a plaintiff has pleaded a claim that falls within a statutory

---

[1] Hernandez pleaded alternatively that the mechanical bull was operated by an RGV employee.

[2] Hernandez does not challenge the dismissal of his premises liability claim.

2

waiver of immunity is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Likewise, statutory interpretation is a question of law we review de novo. *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020).

## III. THE TTCA

The TTCA provides a limited waiver of governmental immunity for certain tort claims against governmental entities. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 839 (Tex. 2018). For example, a governmental unit is liable for:

> (1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B)     the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *see id*. § 101.025(a) (providing that sovereign immunity to suit is waived and abolished to the extent of liability created by the TTCA). School districts are excluded from the TTCA's waiver of immunity "[e]xcept as to motor vehicles." *Id.* § 101.051. Thus, "the statute is clear that school districts may not assert the defense of sovereign immunity in cases involving 'the operation or use of a motor-driven vehicle.'" *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.051).

## IV. ANALYSIS

Hernandez argues that the TTCA waives a school district's immunity for claims arising from the operation or use of motor-driven *equipment*, not just motor-driven

3

vehicles. He contends that because § 101.051 implicitly refers to § 101.021(1), the two waivers must be coextensive, even though, by its plain language, § 101.051 only applies to claims arising from the operation or use of "motor vehicles." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051. Section 101.021(1), on the other hand, applies to claims arising from the operation or use of a "motor-driven vehicle *or* motor-driven equipment." *Id.* § 101.025(1) (emphasis added)*.*

To be sure*,* "motor-driven vehicle" and "motor-driven equipment" are independent, distinct terms. *See Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868–69 (Tex. 2001) (disapproving of authority treating the terms interchangeably and explaining that "motor-driven equipment" refers to articles or implements driven by a motor and used for a specific purpose or activity, including a stationary motor-driven pump used to dissipate fumes). If the Legislature had intended to also waive a school district's immunity from a claim arising out of the operation or use of motor-driven *equipment*, then it would have clearly and unambiguously said so. *See* TEX. GOV'T CODE ANN. § 311.034; *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) (explaining that, in construing the plain meaning of a statute, we "presum[e] . . . that the Legislature purposefully omitted words it did not include").

Moreover, we have previously explained that "[s]chool districts are excluded from exposure to liability for personal injuries suffered by third parties caused by the torts of the district, its officials, agents, servants and employees by the [TTCA], except as to the operation and use of motor vehicles." *Luna v. Harlingen Consol. Indep. Sch. Dist.*, 821 S.W.2d 442, 444 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied) (citing TEX. CIV.

4

PRAC. & REM. CODE ANN. §§ 101.021, 101.051). Stated differently, "[t]he waiver of governmental immunity provided in the [TTCA], in the case of school districts, is restricted to causes of action arising from the use of motor vehicles." *Cox v. Galena Park Indep. Sch. Dist.*, 895 S.W.2d 745, 748 (Tex. App.—Corpus Christi–Edinburg 1994, no writ) (citing. TEX. CIV. PRAC. & REM. CODE ANN. § 101.051). Accordingly, Hernandez's claim against ISD arising from the negligent operation or use of motor-driven equipment, as opposed to a motor vehicle, is barred by immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051; *Cox*, 895 S.W.2d at 748; *Luna*, 821 S.W.2d at 444.

### V. CONCLUSION

The judgment is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the 24th
day of September, 2020.

5