Jennifer Ann **LOWE** and Dallas Craig **Lowe, Jr., Minors, by their Next Friends, Charles ARMSTRONG and Marion Armstrong, et al, Appellants,**

v.

**HARRIS COUNTY HOSPITAL DISTRICT, d/b/a Ben Taub General Hospital, et al, Appellees.**

No. A14–88–00187–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 6, 1989.

Jack H. Emmott, III, Kurt Arbuckle, Houston, for appellants.

James C. Faulkner, P.J. Murphey Harmon, Houston, J. Mark Holbrook, Patrice Flemming–Squirewell, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

The central issue in this appeal is the applicability of an exception to the sovereign immunity provided by the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE § 101.001 *et seq.* Appellants would invoke the statutory exception which turns on the use of tangible personal property. We find

the exception inapplicable and therefore affirm the summary judgment.

## I.

Appellants are the surviving family members of Dallas Lowe, who took his own life and his wife's on or about July 11, 1983. Appellants sued several state hospitals for negligence in their failure to provide psychiatric treatment to Dallas Lowe in the weeks before his tragic actions. Because the Tort Claims Act grants presumptive governmental immunity to all of the instant defendants, appellants sought to bring their suit within one of the statutory exceptions. Specifically, they alleged the negligent use of certain tangible personal property, *e.g.* the telephone paging system and gurney apparatus at one hospital, and the medical history forms at another. *See* TEX.CIV.PRAC. & REM.CODE § 101.021(2). Appellants alleged that proper use of these items would have resulted in actual treatment of Dallas Lowe. The defendant hospitals moved for summary judgment, averring that this case presents nothing more than a *nonuse* situation and therefore no exception to immunity applies.

In response to the motions for summary judgment appellants produced affidavits from Dallas Lowe's sister and mother. His sister, Martha Lowe Harris, stated she had called Harris County Psychiatric Hospital on July 6, 1983, only to be told they could not schedule an appointment for two weeks. This use of the telephone equipment is alleged to be improper. Dallas Lowe's mother, Virginia Lowe, offered similar evidence. She asserted that, on the basis of various medical history forms, Harris County Psychiatric Hospital had refused to admit him without a prior psychological evaluation. Appellants regard this use of the forms as improper. Both affiants made similar allegations about misuse of forms by John Sealy Hospital, whose emergency room personnel refused to render treatment to Dallas Lowe, and misuse of telephones by TRIMS.

They further stated that on July 2, 1983 the Houston Police took Dallas Lowe to Ben Taub, where he was tied to a gurney (stretcher) apparatus with gauze. As a result, they assert, Dallas was disabled from responding to public address paging:

> The nurse said that Dallas had been paged over the system at Ben Taub Hospital for the past thirty minutes. We explained that we could hear the page system perfectly and that we had not heard one for Dallas. The nurse said the reason that we had not heard the page was that Dallas should have been waiting on the gurney somewhere else in the hospital. Yet, Ben Taub personnel had placed or directed Dallas Lowe to be at the location he was on the gurney earlier.

(At oral argument appellants seemed to be contending that Dallas Lowe's family members had actually untied him, whereupon he eventually departed of his own volition and failed to receive treatment. As we understand the complaint against Ben Taub, appellants fault the utilization of the gurney apparatus for preventing Dallas Lowe from receiving treatment, in that his failure to respond to paging derived either from bodily restraint or simple absence.) The trial court rendered summary judgment for the hospitals.

## A.

Before addressing the merits of this appeal, we first consider its procedural posture. After the filing of appellants' first amended original petition, all defendants moved for summary judgment. Appellants made a written response but did not further amend. It was against this background that the trial court rendered summary judgment. In *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex. 1974), the supreme court faced a similar situation. There the state had secured a summary judgment on the ground that the plaintiff's allegations of failure to provide adequate medical treatment did not state a cause of action. The supreme court ordered a remand so the plaintiff could amend his pleadings: "the protective features of special exception procedure should not be circumvented by a motion for summary judgment where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demur-

rer...." 513 S.W.2d at 10. Litigants must first resort to special exceptions before invoking the summary judgment device.

The instant case nevertheless qualifies for peremptory disposition, because it implicates a scenario distinct from the one in *Herring*. Here the court had before it summary judgment evidence of particular acts by the hospital employees, acts which plainly fall outside the scope of the relevant exception.

### B.

■ To be sure, it is technically possible to characterize any imaginable action as a case involving use of tangible personalty. Each of us deals daily with the tangible components of this material world. But creative pleading cannot replace the rule of immunity with its exception. For this reason the statute requires that the injury be "caused by a condition or use" of tangible personalty, and the courts have held accordingly. *E.g. Russell v. Texas Department of Human Resources*, 746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied) ("While it may be assumed that such property was *used* by appellees ..., mere usage does not meet the statutory requirement for *causation*.") (emphasis in original). Causation is the key. *See Garza v. McAllen Indep. School Dist.*, 613 S.W.2d 526, 527 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). Although one might conceive of borderline situations, where the line between use and nonuse becomes blurred, those situations are in no way analogous to the one before us. Neither the telephone system, the medical history forms, nor the gurney apparatus could reasonably be seen as sufficiently involved in causing these tragic deaths. To so hold would stretch the concept of causation beyond realistic bounds and, in our opinion,

would expand the "use" exception far beyond its contemplated meaning. To repeat, our holding rests on negation of the causation element—not on the use/nonuse dichotomy. *Cf. Robinson v. Central Texas MHMR Center*, 758 S.W.2d 394 (Tex.App.—Texarkana 1988, writ granted) (distinguishing nonuse from use). We overrule points of error 1, 2, 5, 6, 9, 10, 15, and 16.

### III.

■ The remainder of this appeal relates to appellants' fall-back position, to wit: if the Tort Claims Act bars their suit, it must be unconstitutional. The essence of this attack is that the requirement of use of tangible personalty effects an irrational classification between psychiatric patients and all others. Appellants reason that psychiatric treatment will involve tangible personalty far less often than, say, surgery. Thus, one type of patient has an inherently poorer prospect of maintaining suit in the face of a sovereign immunity defense.

It is unnecessary to address this contention, inasmuch as we rest our holding on the causation element. Because appellants attack the statute only as applied, we need not adjudge its facial constitutionality. Here, in our opinion, there is simply no triable, live issue as to the use/nonuse classification. Accordingly, the equal protection challenge fails.[1] We overrule points of error 3, 4, 7, 8, 11, 12, 17, and 18.

We need not reach any remaining issues because of our holding on causation. The judgment of the trial court is affirmed.

---

1. Appellants would have us reverse and remand the constitutional questions for factual resolution, on the authority of *Floyd v. Willacy County Hosp. District*, 706 S.W.2d 731 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The *Floyd* case turned on a particular hospital's policy—not a statute—and the lack of proof whether a rational basis existed for the resulting classification.

Here it would serve no purpose to remand, for it is far from clear precisely what anyone could put on in the way of evidence. This is not the common case under § 1983 in which liability depends on some disputed policy of a local governmental unit. Rather, the statute itself forms the sole basis of complaint. Hence no factual development is lacking.