**24**

Dorothy KIRK, Appellant,

v.

Anthony David GARZA, Appellee.

No. 01–93–00413–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1994.

Rehearing Denied May 26, 1994.

Philip F. Klosowsky, Houston, for appellant.

Stephen M. Schlacks, Conroe, for appellee.

Before COHEN, DUNN and MIRABAL, JJ.

OPINION

COHEN, Justice.

*What's in a name? That which we call a rose by any other name would smell as sweet.*

WILLIAM SHAKESPEARE, ROMEO AND JULIET act 2, sc. 2.

This is an appeal in a personal injury case from a summary judgment based on limitations. We reverse and remand.

On May 9, 1988, cars driven by Dorothy Kirk and Anthony David Garza (Anthony) collided. The car driven by Anthony was owned by his father, David Garza (David). On July 18, 1988, Kirk sued "David Garza" for negligent driving. On October 17, 1988, Kirk filed an amended petition suing "David Garza" for negligent entrustment and "Anthony Garza" for negligent driving. On September 25, 1990, more than two years after the accident, Kirk filed another amended petition suing only "David Garza" for negligent driving. The amended petition of September 25, 1990 did not mention Anthony and did not allege negligent entrustment.

In response to the amended petition of September 25, 1990, Anthony moved for summary judgment based on limitations. Anthony asserted that Kirk's petition of September 25, 1990 dismissed Kirk's suit against him because it sued only David and dropped all allegations against Anthony. He asserted that Kirk's later amended petition of November 22, 1991, again suing him (Anthony) for bad driving was barred by limitations because it was filed more than two years after May 9, 1988, the date of the accident. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). The trial judge granted the motion.

The decisive issue in this case is whether Kirk's amended petition of September 25, 1990 constituted, as a matter of law, a dismissal of her case against Anthony. We hold that, under these particular facts, it did not.

We recognize that an amended pleading completely supersedes the pleading it amends. TEX.R.CIV.P. 65. Moreover, omitting a defendant in an amended pleading operates as a dismissal of that party. *Webb*

*v. Jorns,* 488 S.W.2d 407, 409 (Tex.1972). We hold, however, that the summary judgment was improper because it cannot be said, as a matter of law, that Anthony was omitted from Kirk's amended pleading of September 25, 1990.

Both defendants in this case are named David Garza; one, the driver, also has the name of Anthony. Even though Kirk had, until September 25, 1990, referred to the driver as "Anthony Garza," her decision to then accuse him of negligent driving under the name of David Garza was neither a misnomer nor a misidentification. It was not a misnomer because he was correctly named. David Garza and Anthony Garza are both correct ways to refer to a defendant named Anthony David Garza. There is no requirement that Anthony David Garza be called the same name in all pleadings. He may be called Anthony in some because that is his name. He may be called David in some because that is his name. He may be called Anthony David in some because that is his name. None are misnomers. Thus, Anthony David Garza was neither omitted nor wrongly named in Kirk's petition of September 25, 1990.

We agree that suing a defendant by one name in one petition and by another name in another petition may cause unnecessary confusion. If so, the confusion can be cured by special exceptions or appropriate orders. But we cannot conclude that it constitutes a voluntary dismissal as a matter of law when, as here, both names are correct.[1]

We conclude that Anthony David Garza was not sued under the wrong name when he was sued on September 25, 1990, as "David Garza," and further, Anthony David Garza was properly served when Kirk delivered the petition to his attorney. Thus, Kirk's petition of November 22, 1991 was not barred by limitations because there was no dismissal on September 25, 1990.

All points of error are sustained.

1. Certain facts of this case magnify the opportunity for confusion, and other facts reduce the possibility for confusion. The fact that both defendants were named David Garza increased the opportunity for confusion. The fact that only one defendant drove the car and Kirk's petition of September 25 complained only of negligent driving reduced the possibility for confusion because it was obviously directed only at the one defendant who drove. Moreover, Kirk's amended petition was properly served by delivery to Anthony's attorney, who represented both defendants.

The judgment is reversed, and the cause is remanded.