ACCEPTED
13-14-00570-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/6/2015 3:05:28 PM
Dorian E. Ramirez
CLERK

## CAUSE NO. 13-14-00570-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/6/2015 3:05:28 PM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT OF TEXAS
# AT CORPUS CHRISTI, TEXAS

**JAMES WILKINS,**
                                    **Appellant**

v.

**NUECES COUNTY, TEXAS,**
                                    **Appellee**

On Appeal from Cause No. 2013-DCV-5868-D,
In the 105th Judicial District Court of
Nueces County, Texas

## APPELLEE'S BRIEF

LAURA GARZA JIMENEZ,
NUECES COUNTY ATTORNEY
BY: JENNY CRON
Assistant County Attorney
State Bar No. 00796237
JUAN J. MALDONADO, III
Assistant County Attorney
State Bar No. 24083436
901 Leopard, Room 207
Corpus Christi, TX 78401
(361) 888-0391
(361) 888-0577 (fax)
ATTORNEYS FOR APPELLEE

**APPELLEE WAIVES
ORAL ARGUMENT**

CAUSE NO. 13-14-00570-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

JAMES WILKINS
Appellant

v.

NUECES COUNTY, TEXAS,
Appellee

On Appeal from Cause No. 2013-DCV-5868-D,
In the 105th Judicial District Court of
Nueces County, Texas

APPELLEE'S BRIEF

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF
APPEALS:

COMES NOW APPELLEE, NUECES COUNTY, TEXAS, files this its Brief, and

respectfully shows:

1

# IDENTITY OF PARTIES AND COUNSEL

Mr. James Wilkins, Appellant

*Pro Se*
TDJC: 01970009
SID: 10123934
Texas Department of Criminal Justice
Fabian Dale Dominguez State Jail
6535 Cagnon Road
San Antonio, Texas, 78252-2202
Nueces County, Texas, Appellee

Jenny Cron, Counsel for Appellee
Assistant Nueces County Attorney
State Bar No. 00785653
Juan J. Maldonado, Counsel for Appellee
Assistant Nueces County Attorney
State Bar No. 24083436
901 Leopard, Rm. 207
Corpus Christi, TX 78401
(361) 888-0391
(361) 888-0577 Facsimile

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................................ 2

TABLE OF CONTENTS ................................................................. 3,4

INDEX OF AUTHORITIES ................................................................. 5,6,7,8

STATEMENT OF THE CASE ................................................................. 9

RESPONSE TO ISSUES PRESENTED................................................................. 10

STATEMENT OF FACTS................................................................. 11

I. Statement of Procedural History ................................................................. 11,12

II. Underlying Facts (Rebuttal) ................................................................. 12,13

STANDARD OF REVIEW................................................................. 13

I. Plea to the Jurisdiction ................................................................. 13

SUMMARY OF THE ARGUMENT................................................................. 13,14,15

ARGUMENT ................................................................. 15-29

I. Plea to the Jurisdiction Pursuant to Governmental Immunity ................................................................. 15

A. Preliminary Matter................................................................. 15,16,17

B. Texas Tort Claims Act CPRC § 101.021 ................................................................. 17,18

C. Requisite Waiver of Immunity Elements under CPRC§101.021(1)(A)(B) ...... 18

  i. "Arises From" Motor-Driven Equipment & Vehicles ................................................................. 18,19

ii. Motor-Driven Vehicle or Equipment................................................................. 19

iii. Operation or Use ................................................................. 19

D. Requisite Waiver of Immunity Elements under CPRC §101.021(2).................20

i. Tangible Personal Property .................................................................20

ii. Caused By ....................................................................................20,21

iii. Use of Property ...............................................................................21

iv. Were it a Private Person....................................................................22

E. Application to Issues Presented ..........................................................22-29

i. Subject Matter Jurisdiction................................................................22

a. CPRC §101.0121(1)(A)(B) ...............................................................22,23

b. CPRC §101.0121(2) .........................................................................23

ii. Non-compliance to Rule of Texas Commission on Jail Standards....................23

a.Rule 277.8 Bedding & Linens...................................................23,24,25

b.Rule 259.138 Holding Cells.........................................................25,26

iii. Alleged Negligent Misrepresentation, Fraud & Forgery ...............................26,27

iv. Personal Injury  ..............................................................................28,29

II. Conclusion Concerning Plea to the Jurisdiction....................................29

PRAYER .............................................................................................29

SIGNATURE OF COUNSEL....................................................................30

CERTIFICATE OF COMPLIANCE ..........................................................31

CERTIFICATE OF SERVICE...................................................................32

APPENDIX .........................................................................................33

# INDEX OF AUTHORITIES

## STATE STATUTES AND RULES

37 Tex. Admin. Code §§ 251-301 (West 2015)........................................................22

37 Tex. Admin. Code §297.9 (West 2015)..............................................................24

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2015)............................. 17,18

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A)(B) (West 2015).............. 18,22

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2015) ............................. 23

Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2015) ........................ 21,26,27

Tex. R. App. P. 38.1(d) ............................................................................................9

Tex. R. App. P. 38.1(i) ...........................................................................................16

Tex. R. App. P. 38.1(g) ..........................................................................................11

Tex. R. App. P. 38.2(a)(1)(B) ...............................................................................9,11

## CASES

*Bland I.S.D. v. Blue,*
34 S.W.3d 547 (Tex. 2000) .....................................................................................13

*Boyles v. Kerr,*
855 S.W.2d 593, 598 (Tex. 1993) ...........................................................................25

*Cavnar v. Quality Control Parking, Inc.,*
696 S.W.2d 549, 551 (Tex. 1985) ...........................................................................25

*City of N. Richland Hills v. Friend,*
370 S.W.3d 369, 372 (Tex. 2012) .......................................................................21,23

*City of Tyler v. Likes,*
962 S.W.2d 489, 494 (Tex. 1997) .......................................................................22,24

*Dallas County Mental Health & Mental Retardation v. Bossley,*
968 S.W.2d 339 (Tex. 1998) ..........................................................................19,21,24,25

*Dallas v. Harper,*
913 S.W.2d 207 (Tex.1995) ........................................................................ 20

*Duhart v. State,*
610 S.W.2d 740, 741 (Tex. 1980) .............................................................. 28

*Estate of Banks v. Chambers Mem'l Hosp. Auxiliary, Inc.,*
865 F.2d 696 (5th Cir. 1989) ..................................................................... 21

*Federal Land Bank Assoc. v. Sloane,*
825 S.W.2d 439 (Tex.1991) ....................................................................... 29

*Fed. Sign. v. Tex. S. Univ.,*
951 S.W.2d 401, 409 (Tex. 1997) .............................................................. 28

*Griffin v. Hawn,*
161 Tex. 422, 341 S.W.2d 151, 152 (1960) .............................................. 28

*Hernandez v. Hernandez,*
318 S.W.3d 464, 466 (Tex.App.—El Paso 2010, no pet.) ........................ 16

*Hosner v. DeYoung,*
1 Tex. 764, 769 (1847) .............................................................................. 28

*Inpetco, Inc. v. Texas Am. Bank/Houston N.A.,*
722 S.W.2d 721 (Tex. App.—Houston [14th Dist.] 1986, writ refused) ......... 16

*In re Kellogg Brown & Root, Inc.,*
166 S.W.3d 732, 737 (Tex. 2005) ............................................................. 16

*Kassen v. Hatley,*
887 S.W.2d 4 (Tex. 1994) ......................................................................... 19

*Kaufman County v. Leggett,*
396 S.W.3d 24, 28 (Tex.App.—Dallas 2012, pet. denied) ....................... 17

*Kerrville State Hosp. v. Clark,*
923 S.W.2d 582 (Tex. 1996).......................................................... 19,21,23

*Kirk v. Garza,*
875 S.W.2d 24, 24 (Tex.App.—Houston [1st Dist.] 1994, writ denied) .......... 16

*Lowe v. Harris County Hosp. Dist.,*
809 S.W.2d 502, 504 (Tex. App.—Houston [14th Dist.] 1989, no writ) .............. 20

*Mansfield State Bank v. Cohn,*
573 S.W.2d 181, 184-85 (Tex.1978) ................................................................. 16

*Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,*
453 S.W.2d 812, 813-14 (Tex. 1970) ............................................................... 28

*Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg By & Through Lindburg,*
766 S.W.2d 208 (Tex. 1989) ........................................................................... 19

*Russell v. Texas Department of Human Resources,*
746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied) ......................... 21

*Ryder Integrated Logistics, Inc. v. Fayette County,*
453 S.W.3d 922, 927 (Tex. 2015), reh'g denied (Mar. 13, 2015) ......................... 18

*San Antonio State Hosp. v. Cowan,*
128 S.W.3d 244, 246 (Tex.2004) ..................................................................... 19

*Tex. Dep't of Crim. Justice v. Miller,*
51 S.W.3d 583, 587 (Tex. 2001) ...................................................................... 18

*Tex. Dep't of Health v. Rocha,*
102 S.W.3d 348, 353 (Tex.App.—Corpus Christi, 2002, no pet.) ......................... 17

*Tex. Dep't of Parks & Wildlife v. Miranda,*
133 S.W.3d 217, 225-26 (Tex. 2004) ............................................................... 17

*Tex. Dep't. of Pub. Safety v. Petta,*
44 S.W.3d 575, 580 (Tex. 2001) ................................................................. 20,26

*Tex. Highway Dep't v. Weber,*
147 Tex. 628, 219 S.W.2d 70, 71 (1949) .......................................................... 28

*Tex. Nat. Res. Conserv. Comm'n v. White,*
46 S.W.3d 864, 868 (Tex.2001) .................................................................. 19,24

*TRST Corpus, Inc. v. Financial Center,*
9 S.W.3d 316 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ..................... 13

*Union Pump Co. v. Allbritton,*
898 S.W.3d 773, 776 (Tex. 1995) ........................................................ 21,24,25

*Univ. of Tex. M.D. Anderson Ctr. v. King,*
417 S.W.3d 1, 4 (Tex.App.—Houston [14th Dist.] 2013, no pet.) ................... 21,23

*Univ. of Tex. Med. Branch at Galveston v. York,*
871 S.W.2d 175, 179 (Tex.1994) .......................................................... 20,26

*Walton v. Tex. Dep't of Crim. Justice,*
No. 13-07-00656-CV, 2008 WL 3868113 at *1 (Tex.App.—Corpus Christi Aug. 21, 2008, pet. denied) ............................................................................ 27

*W.D. Haden Co. v. Dodgen,*
158 Tex. 74, 308 S.W.2d 838, 840 (1958) .................................................. 28

*Wheeler v. Green,*
157 S.W.3d 439, 444 (Tex.2005) ............................................................ 16

*Wise Reg'l Health Sys. v. Brittain,*
268 S.W.3d 799, 807-08 (Tex.App.—Fort Worth 2008, no pet.) ..................... 21

## STATEMENT OF THE CASE

Appellee is dissatisfied with Appellant's statement of the case because it is unsupported by record references and discusses the facts. Tex. R. App. P. 38.1(d). Appellee offers the following statement of the case pursuant to Tex. R. App. P. 38.2(a)(1)(B):

Mr. Wilkins originally sued Nueces County in district court for negligence, gross negligence, fraud, and code violations. [CR.102]. Defendant removed the action to federal court based on federal question jurisdiction [CR. 102]. The federal court dismissed all of Plaintiff's federal constitutional and statutory claims with prejudice and remanded Plaintiff's state law causes of actions to district court. [CR.102-107]. After, Defendant filed its *Plea to the Jurisdiction* and a hearing was held wherein the district court granted *Nueces County's Plea to the Jurisdiction* and dismissed all of Plaintiff's causes of action with prejudice, [RR.1-12], from which Mr. Wilkins appeals.

## RESPONSE TO ISSUES PRESENTED

1.  The trial court did not err in granting Nueces County's *Plea to the Jurisdiction* as the allegations against Appellee do not fall within the scope of waiver of governmental immunity.

2.  The trial court did not err in granting Nueces County's *Plea to the Jurisdiction* because the negligence allegedly committed by Appellee does not fall within the specific scope of waiver of immunity provided by the Texas Tort Claims Act.

3.  The trial court did not err in granting Nueces County's *Plea to the Jurisdiction* because the intentional tort allegedly committed by Appellee does not fall within the specific scope of waiver of immunity provided by the Texas Tort Claims Act.

4.  The trial court did not err in granting Nueces County's *Plea to the Jurisdiction* because there is no proximate causation between the acts and omissions allegedly committed by Appellee and the Appellant's alleged injury and therefore Appellant's claims do not fall within the specific scope of waiver of immunity provided by the Texas Tort Claims Act.

## STATEMENT OF FACTS

Appellee is dissatisfied with Appellant's statement of facts because it includes pages of alleged facts and allegations not supported by record references, not pertinent to the proper issue or point presented on appeal, and because it urges arguments concerning the merits of Appellant's cause of action. Tex. R. App. P. 38.1(g). Accordingly, Appellee denies all of the unsupported factual allegations, except those shown by the record. Appellee offers this statement of relevant facts for purposes of this appeal pursuant to Tex. R. App. P. 38.2(a)(1)(B):

## I.     Statement of Procedural History

On November 25, 2013, Mr. Wilkins filed his *Original Petition* in Cause No. 2013-DCV-5868-D, *James Wilkins v. Nueces County,* in the 105th Judicial District Court of Nueces County, Texas. [CR. 22-26]. The gravamen of Wilkin's petition is that "the County of Nueces is liable for allowing myself to go without a mattress, sheet, and blanket for the 10 (1, 3, 3, and 3) days I was made to wait in the Nueces County holding cells." [CR. 22]. On January 6, 2014, Defendant removed this case to federal court based on federal question jurisdiction under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's guarantees of procedural and substantive due process. [CR. 38-40]. On June 19, 2014, the United States District Court for the Southern District of Texas, Corpus Christi Division, dismissed all of Plaintiff's federal constitutional and statutory

11

claims with prejudice and remanded Plaintiff's remaining claims to the 105th Judicial District Court of Nueces County, Texas. [CR. 102-107].

On July 9, 2014, Defendant filed seventeen special exceptions to Plaintiff's Original Petition [CR. 114-125] and on August 4, 2014, the Court entered an order sustaining all seventeen of Defendant's special exceptions and ordered Plaintiff to amend his Original Petition by August 14, 2014. [CR. 139-140]. On August 11, 2014, Plaintiff filed *Plaintiff's Amended Pleadings* that alleges causes of action against Defendant for negligence, gross negligence, forgery, and code violations. [CR. 146-153]. On September 14, 2014, Plaintiff filed *Plaintiff's Second Amended Pleading* superseding all of Plaintiff's prior pleadings and alleging, in singular, negligent misrepresentation against Defendant. [CR. 184-185]. Nueces County filed its *Plea to the Jurisdiction* on August 29, 2014. [CR. 173-181]. Hearing on that motion was held on September 15, 2014, [RR. 1-12], at which time the court dismissed the matter with prejudice for lack of subject matter jurisdiction and issued a final order disposing of all claims against Defendant. [CR. 193].

## II.    Underlying Facts (Rebuttal)

Mr. Wilkins alleges that Nueces County, Texas failed to provide him a mattress, sheet, and a blanket for a total of 10 days on four separate instances during his five month period of incarceration at the Nueces County jail and then, after Wilkins complained, provided him with falsified information allegedly to cover up its

12

infractions of Texas Commission on Jail Standards policies and rules. Wilkins also alleges that Nueces County kept him detained in a holding cell exceeding 48 hours, in violation of Texas Commission on Jail Standards policies and rules. Nueces County denies each and every, all and singular, allegation of Mr. Wilkins. [CR. 109-111]. All incoming prisoners to Nueces County jail are secured into the second floor holding cells pending completion of the intake process. [CR. 216]. Mr. Wilkins was housed within 21 hours of arriving at the Nueces County jail. [CR. 216].

## STANDARDS OF REVIEW

### I. Plea to the Jurisdiction

Because the question of subject matter jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is reviewed under a *de novo* standard of review. *TRST Corpus, Inc. v. Financial Center*, 9 S.W.3d 316, 320 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Bland I.S.D. v. Blue*, 34 S.W.3d 547, 551-555 (Tex. 2000).

## SUMMARY OF THE ARGUMENT

The trial court did not err in granting Nueces County's *Plea to the Jurisdiction* as the allegations against Appellee do not fall within the scope of waiver of governmental immunity.

Nueces County's governmental immunity is presumed and neither Appellant's pleadings nor the evidence on record rebut this presumption. Mr.

13

Wilkins alleges that Nueces County, Texas failed to provide him bedding and linens for a limited period of time during his incarceration at the Nueces County jail and that upon his complaint, Wilkins was provided with falsified information allegedly to cover up Appellant's infractions of the Texas Commission on Jail Standards ("TCJS") policies and rules. Appellant also alleges that Appellee detained him in a holding cell for longer than 48 hours, exceeding TCJS's policies and rules.

Albeit, the Texas Tort Claims Act ("TTCA") provides limited waiver of governmental immunity from suit, Appellant failed to meet his burden of affirmatively showing the trial court has subject matter jurisdiction. Appellant did not plead nor does the evidence on record show that Appellee caused Appellant to sustain personal injury as a result of the operation or use of a motor-driven vehicle. Neither does Appellant affirmatively show that Appellee proximately caused him personal injury by a condition or use of tangible personal or real property. Texas common law has long held that *non-use* of property does not fall under the waiver provisions of the Texas Tort Claims Act. Moreover, the TTCA does not waive governmental immunity from suit for intentional torts. Notwithstanding the foregoing, Appellant's alleged personal injury is too remote and speculative to opine that it proximately resulted from Appellee's alleged omissions and acts. In regards to Appellant's allegation of being detained in a holding cell beyond 48 hours, Appellant does not plead nor does the evidence on record show that the

14

holding cell constitutes either personal or real property. Appellant fails to affirmatively show a proximate cause between the detainment and his alleged injury. Finally, in regards to Appellant's allegation of negligent misrepresentation, fraud, and forgery involving the information he was provided by Appellee, the Legislature does not waive governmental immunity for negligence involving use, misuse, or non-use of information—and as discussed below, the TTCA does not waive immunity for intentional torts. Texas common law has also held that information is not personal property, even if it is reduced to writing. Thus, Appellant failed to affirmatively show any viable causes of action against Appellee and the trial court did not err in granting Nueces County's *Plea to the Jurisdiction.*

Appellee respectfully prays that this Court dismiss this appeal, uphold the district court's grant of plea to jurisdiction, dismiss this action with prejudice, and tax costs against Appellant.

## ARGUMENT

I. **Plea to the Jurisdiction Pursuant to Governmental Immunity from Suit**

A. **Preliminary Matter--Appellant waived all issues on appeal as a result of procedural irregularities and amended pleading**

As a preliminary matter, *pro se* litigants are held to the same standards as attorneys and shall comply with the Texas Rules of Appellate Procedure ("TRAPs"). Although appellate courts construe *pro se* filings liberally, the courts cannot excuse *pro se* litigants from complying with the TRAPs because doing so

might give *pro se* litigants an unfair procedural advantage. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex.1978). Appellate courts generally rule that inadequately briefed issues are waived. *See* TRAP 38.1(i); *see e.g. Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.—El Paso 2010, no pet.) (CA found that appellant waived all issues by not presenting argument, authority or cites to record). In addition, an amended pleading supersedes the pleading it amends, *Kirk v. Garza*, 875 S.W.2d 24, 24 (Tex.App.—Houston [1st Dist.] 1994, writ denied), and makes the superseded pleadings moot. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005).

The Appellee argues that the Appellant waived all issues presented in this appeal because although Appellant's brief includes legal authorities, it does not discuss them or apply them to the facts of this case. TRAP 38.1(i); *see Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, 722 S.W.2d 721 (Tex. App.—Houston [14th Dist.] 1986, writ refused). Appellee also argues that Appellant's only appealable issue involves his "negligent misrepresentation" cause of action against Appellee as Appellant's second and final amended pleading only includes this single cause of action against Appellee. (CR. 184-185). Stated another way, Appellant's second and final amended pleading supersedes all of Appellant's previous causes of action and makes those actions moot and non-appealable. (CR. 184-185).

16

Appellee prays for the Court to dismiss all issues presented as a result of both Appellant's procedural irregularities and Appellant's amended pleading. Notwithstanding Appellee's request to the Court, Appellee addresses the issues posited by Appellant in their entirety.

## B. Texas Tort Claims Act CPRC §101.021

A plaintiff who sues a political subdivision under state law must establish a waiver of sovereign or governmental immunity by (1) alleging legislative consent to sue and (2) pleading facts that fall within the scope of legislative consent. *Tex. Dep't of Health v. Rocha*, 102 S.W.3d 348, 353 (Tex.App.—Corpus Christi, 2002, no pet.). Immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether a court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction are questions of law. *Id.* at 226; *Kaufman County v. Leggett*, 396 S.W.3d 24, 28 (Tex.App.—Dallas 2012, pet. denied). A governmental unit's jurisdictional plea can be based on the pleadings or on the evidence. *Id.* The Texas Tort Claims Act ("TTCA") provides a limited waiver of the government's immunity to the following set of tort claims:

> (1) Property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

17

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and,

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2015).

It should be noted that the mere invocation of the Texas Tort Claims Act in a petition does not waive sovereign immunity and confer jurisdiction on the trial court. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The claim raised must fall within the specific scope of the waiver of immunity provided by the Texas Tort Claims Act. *Id.* A court shall review the petition to ascertain the nature of the claim raised, examine the TTCA to determine the scope of waiver of sovereign immunity relevant to the claim, and finally consider the facts of the claim to decide whether it comes within the scope so as to invoke jurisdiction in the trial court. *Id.*

## C. Requisite Waiver of Immunity Elements under CPRC §101.021(1)(A)(B)

### i. *"Arises from" Motor-Driven Equipment & Vehicles*

Pursuant with the Legislature's preference for a limited immunity waiver, the Texas judiciary is to strictly construe §101.021's vehicle-use requirement. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex.

18

2015), reh'g denied (Mar. 13, 2015). The Supreme Court of Texas has defined the standard as a "nexus between the operation or use of the motor driven vehicle or equipment and a plaintiff's injuries." *Id.* at 928.

### ii.    *Motor-Driven Vehicle or Equipment*

"'Motor-driven' means, quite simply, driven by a motor." *Texas Nat. Res. Conserv. Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001).

### iii.    *Operation or Use*

The Supreme Court of Texas has consistently defined "use" to mean "to put or bring into action or service; to employ for or apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex.2004). "Therefore, to invoke the Tort Claims Act's waiver of immunity, [Plaintiff's] injury must have been caused by the [Defendant's] actual use of the [motor-driven vehicle], not the [Defendant's] failure to use it." *White*, 46 S.W.3d at 869. "[The Supreme Court of Texas] has never held that non-use of property can support a claim under the Texas Tort Claims Act." *Id.; see e.g. Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg By & Through Lindburg*, 766 S.W.2d 208 (Tex. 1989); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339 (Tex. 1998); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582 (Tex. 1996); *Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994).

19

## D. Requisite Waiver of Immunity Elements under CPRC §101.021(2)

### i. *Tangible Personal Property*

The Supreme Court of Texas has long held "that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Texas Dept. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *University of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex.1994). In *Dallas v. Harper*, 913 S.W.2d 207 (Tex.1995), the Texas Supreme Court concluded that simply reducing "information to writing on paper does not make the information 'tangible personal property.'" *Id.* citing *Petta*, 44 S.W.3d at 580. "Thus, while instructional manuals can be seen and touched, the Legislature has not waived immunity for negligence involving use, misuse, or non-use of the information they contain." *Id.* at 581. In fact, "it is technically possible to characterize any imaginable action as a case involving use of tangible personalty. Each of us deals daily with the tangible components of this material world. But creative pleading cannot replace the rule of immunity with its exception." *Lowe v. Harris County Hosp. Dist.*, 809 S.W.2d 502, 504 (Tex. App.—Houston [14th Dist.] 1989, no writ).

### ii. *Caused By*

"For this reason the statute requires that the injury be 'caused by a condition or use' of tangible personalty, and the courts have held accordingly." *Id.* citing

20

*Russell v. Texas Department of Human Resources*, 746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied). Indeed, "the plaintiff must allege that the property's condition or use proximately caused the personal injury. . . ." *Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 807-08 (Tex.App.—Fort Worth 2008, no pet.). "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Union Pump Co. v. Allbritton*, 898 S.W.3d 773, 776 (Tex. 1995).

### iii.    Use of Property

Non-use of tangible personal property does not fall under the waiver provisions of the Texas Tort Claims Act. *Clark*, 923 S.W.2d at 584; *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372 (Tex. 2012); *Univ. of Tex. M.D. Anderson Ctr. v. King*, 417 S.W.3d 1, 4 (Tex.App.—Houston [14th Dist.] 2013, no pet.). In addition, the TTCA does not waive a defendant's immunity in regards to intentional torts. Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2015). Finally, it is inappropriate to allow a plaintiff to bootstrap a failure to act case into a misuse case against the Defendant, a matter as to which, Texas retains sovereign immunity. *Estate of Banks v. Chambers Mem'l Hosp. Auxiliary, Inc.*, 865 F.2d 696 (5th Cir. 1989).

21

### iv. *Were it a Private Person*

"In evaluating [the] contentions [of the defendant] it is important to remember that the Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist. Thus, unless [the plaintiff himself] would have a claim ... under common law against a private defendant, [the Court] need not reach the question of whether [said claim] is a "personal injury" for which the Legislature has waived . . . sovereign immunity." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). Under this reasoning, it is of importance to mention that the Texas Commission on Jail Standards does not provide for private causes of action for infractions to its policies and rules. 37 TEX. ADMIN. CODE §§ 251-301 (West 2015).

### E. Application to Issues Presented

### i. *Subject Matter Jurisdiction*

### a. *CPRC § 101.021(1)(A)(B)*

In applying Texas statutory and common law to the pleadings and evidence on record in this matter, neither the Appellant's pleadings nor the evidence on record establish a waiver of governmental immunity under CPRC § 101.021(1)(A)(B). Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A)(B) (West 2015). Indeed, Appellant did not plead nor does the evidence show Appellant's injury was caused by Appellee's actual use of a motor-driven vehicle. Therefore,

22

Appellant failed to allege facts affirmatively showing that the trial court has subject matter jurisdiction and thus the trial court did not err in granting Appellee's plea to jurisdiction with respect to CPRC § 101.021(1)(A)(B).

### b. CPRC § 101.021(2)

In regards to CPRC § 101.021(2), Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2015), the first issue to be addressed is the failure to timely provide bedding and linens to Appellant while he was incarcerated in Nueces County Jail. The second issue to be addressed is the failure to remove Appellant from a holding cell within 48 hours pursuant to rules and policies of the Texas Commission on Jail Standards. The third issue to be addressed is the failure to provide Appellant accurate information regarding the rules and policies of the Texas Commission on Jail Standards. The final issue to be addressed is Appellant's personal injury. Each issue is addressed below, respectively.

### ii. Non-compliance to Rules of Texas Commission on Jail Standards

### a. Rule 277.8 Bedding & Linens

The failure to provide bedding and linens does not waive governmental immunity for a number of reasons. First, Texas common law has long held that non-use of tangible personal property, here the bedding and linens, does not fall under the waiver provisions of the Texas Tort Claims Act. *Clark*, 923 S.W.2d at 584; *Friend*, 370 S.W.3d at 372; *King*, 417 S.W.3d at 4. It would be a flagrant

deviation from case law precedent if it were otherwise. Indeed, broadening the scope of CPRC § 101.021(2) to include non-use of tangible personal property would be tantamount to abolishing governmental immunity altogether. *See White*, 46 S.W.3d at 868. Secondly, Appellant's alleged personal injury from the non-use of bedding and linens is too remote and speculative to opine that it proximately caused Appellant's personal injury. "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Bossley*, 968 S.W.2d at 343; *Allbritton*, 898 S.W.3d at 776. It is just as reasonably possible that Appellant's mental anguish, if any, proximately resulted from his incarceration at the County Jail and the substantial disruption it had on the Appellant's daily life routine. Finally, governmental immunity cannot be waived for the failure to provide bedding and linens that are required by the rules and policies of the Texas Commission on Jail Standards ("TCJS") because the TJCS does not provide for private causes of action for infractions to such policies. Pursuant to 37 TEX. ADMIN. CODE § 297.9, the commission is the entity that institutes actions, "in its own name", to enforce or enjoin the violations of its orders, rules, or procedures. (West 2015). Thus, as the Appellant does not have a claim for himself against the Appellee, "[the Court] need not reach the question of whether [said claim] is a "personal injury . . . ." as governmental immunity is not waived. *Likes*, 962 S.W.2d 489 at 494. Even assuming arguendo that Appellee were a private person,

24

the result involving Appellee's immunity from suit, in this fact situation, remains the same. This is because the Supreme Court of Texas holds that there is no general duty not to negligently inflict mental anguish. *Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993). In so rejecting, the Supreme Court of Texas stated that "[t]ort law cannot and should not attempt to provide redress for every instance of rude, insensitive or distasteful behavior, even though it may result in hurt feelings, embarrassment, or even humiliation." *Id.* at 601-02. Recognizing the need for an appropriate balance, Texas common law exclusively designed recovery for mental anguish in only those few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result, such as cases involving wrongful death. *Id.*; *see Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 551 (Tex.1985). Thus, the trial court did not err in granting Appellee's plea to the jurisdiction with respect to Rule 277.8 Bedding and Linens of the Texas Commission on Jail Standards.

### b. *Rule 259.138 Holding Cells*

Appellee incorporates the foregoing paragraph to the extent it is applicable herein. Appellant did not plead nor does the evidence on record show that the holding cell constitutes either personal or real property. In either case, "property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Bossley*, 968 S.W.2d at 343; *Allbritton*, 898 S.W.3d at 776.

Here, Appellant establishes no proximate causation between being detained in a holding cell and his alleged personal injury. Moreover, the TTCA does not waive Appellant's immunity in regards to intentional torts, Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2015), and *assuming arguendo*, that confinement to the holding cell was intentional, governmental immunity is nevertheless retained. Finally, as previously stated, the TJCS does not provide for private causes of action for infractions to its policies. Thus, given the foregoing analysis, the trial court did not err in granting Appellee's plea to the jurisdiction with respect to Rule 259.138 Holding Cells of the Texas Commission on Jail Standards.

### iii. *Alleged Negligent Misrepresentation & Fraud/Forgery*

In regards to Appellant's allegation of negligent misrepresentation, fraud, and forgery as a result of Appellee's failure to provide Appellate accurate information regarding the rules and policies of the Texas Commission on Jail Standards, again there are a number of reasons why governmental immunity is not waived. First and foremost, as held by Texas common law, "information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Petta*, 44 S.W.3d at 580; York, 871 S.W.2d at 179. Even reducing "information to writing on paper does not make the information 'tangible personal property.'" *Id*. citing *Petta*, 44 S.W.3d at 580. Moreover, the Legislature has not waived immunity for negligence involving use,

26

misuse, or non-use of information. *Id.* at 581. This being designed exclusively as the Texas statutory and common law, the "information" communicated to Appellee unmistakably does not constitute tangible personal property under the TTCA to waive immunity, even if the information was reduced to writing. In addition, Appellant's alleged negligent misuse of the "information" still would not invoke subject jurisdiction to the trial court, as held by Texas common law.

Appellant also alleged fraud and forgery in regards to Appellee's failure to provide accurate information regarding the rules and polices of the Texas Commission on Jail Standards. Both fraud and forgery are intentional torts. *See Walton v. Tex. Dep't of Crim. Justice,* No. 13-07-00656-CV, 2008 WL 3868113 at *1 (Tex.App.—Corpus Christi Aug. 21, 2008, pet. denied) ("appellant filed a lawsuit against appellees alleging a number of intentional torts and the court concluded that appellant's claims fall within the intentional tort exception to the TTCA . . . .). As noted, the TTCA does not waive Appellee's immunity in regards to intentional torts. Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2015). Therefore, Appellant's intentional tort causes of action against Appellee do not waive immunity and the trial court did not err in granting Appellee's plea to jurisdiction.

### iv.    *Personal Injury*

As thoroughly discussed in the foregoing paragraphs, personal injury alone does not waive governmental immunity from suit. The Supreme Court has long recognized that "it is the Legislature's sole province to waive or abrogate immunity." *See Fed. Sign. v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997); *see also Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980); *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813-14 (Tex. 1970); *Griffin v. Hawn*, 161 Tex. 422, 341 S.W.2d 151, 152 (1960); *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 840 (1958); *Tex. Highway Dep't v. Weber*, 147 Tex. 628, 219 S.W.2d 70, 71 (1949); *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847).

As described, the TTCA prescribes the manner in which governmental immunity from suit is waived wherein a plaintiff can make a viable claim for personal injuries. The Appellant herein, however, has failed to establish any waiver of immunity from suit; and thus, the Court need not reach the question regarding personal injury. Indeed, Appellee did not cause personal injury to Appellant as a result of the operation or use of a motor-driven vehicle. Neither did Appellee cause Appellate personal injury by a condition or use of tangible personal or real property. As previously noted, the non-use of tangible personal property does not fall under the waiver provisions of the Texas Tort Claims Act to allow a plaintiff to make a claim for personal injuries. Finally, a claimant, here the

28

Appellant, may not recover mental anguish damages in connection with negligent misrepresentation, pursuant to Texas common law. *Federal Land Bank Assoc. v. Sloane*, 825 S.W.2d 439 (Tex.1991).

Thus, Appellant's alleged personal injury is non-compensable under Texas law as Appellant failed to affirmatively show waiver of governmental immunity from suit.

## II.   Conclusion Concerning Plea to the Jurisdiction

Because Appellant cannot demonstrate a waiver of governmental immunity, Appellant's causes of action against Appellee were properly dismissed with prejudice by the trial court in its grant of Appellee's *Plea to the Jurisdiction*.

## PRAYER

WHEREFORE, Appellee, Nueces County, prays the Court dismiss this appeal, uphold the district court's grant of plea to jurisdiction and dismissal of this action with prejudice, and tax costs against Appellant.

Respectfully submitted,

LAURA GARZA JIMENEZ,
NUECES COUNTY ATTORNEY

By:/s/ Juan J. Maldonado, III
Jenny Cron
Assistant County Attorney
State Bar No. 00796237
Juan J. Maldonado, III
Assistant County Attorney
State Bar No. 240834436
901 Leopard, Room 207
Corpus Christi, TX 78401
(361) 888-0391
(361) 888-0577 facsimile
jenny.boyd@nuecesco.com
juan.maldonado@nuecesco.com
**ATTORNEYS FOR APPELLEE,
NUECES COUNTY, TEXAS**

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using *Microsoft Word 2010* and contains 4,006 words, as determined by the computer software's word count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

/s/ Juan J. Maldonado, III
JUAN J. MALDONADO,III

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served on:

**VIA CMRRR 7014 1200 0001 0754 0659**
Mr. James Wilkins
TDJC: 01970009
SID: 10123934
Texas Department of Criminal Justice
Fabian Dale Dominguez State Jail
6535 Cagnon Road
San Antonio, Texas, 78252-2202

on this the 6th day of November, 2015.

/s/ Juan J. Maldonado, III
JUAN J. MALDONADO, III

## CAUSE NO. 13-14-00570-CV

## JAMES WILKINS
### Appellant

v.

## NUECES COUNTY, TEXAS,
### Appellee

## APPELLEE'S APPENDIX

## LIST OF DOCUMENTS

1. Trial Court's Appealable order dated 9/15/14

Dismissal for Lack of Subject Matter Jurisdiction............................................ Tab A

2. Rules relied on

37 TEX. ADMIN. CODE § 259.138, Holding Cells (West 2015) ................... Tab B

37 TEX. ADMIN. CODE § 277.8, Bedding and Linens (West 2015) ............ Tab B

37 TEX. ADMIN. CODE § 297.9, Other Comm'n Remedies (West 2015) ... Tab B

2013 TX REG TEXT 339463 (NS), 2013 TX REG TEXT 339463 (NS) ....... Tab B

2014 TX REG TEXT 339463 (NS), 2014 TX REG TEXT 339463 (NS) ....... Tab B

CAUSE NO. 2013-DCV-5868-D

| JAMES WILKINS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 105th JUDICIAL DISTRICT |
| | § | |
| NUECES COUNTY, TEXAS | § | NUECES COUNTY, TEXAS |

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

ON THIS DAY came on to be heard *Defendant's Plea to the Jurisdiction*. It appears to the Court that the plea to the jurisdiction should be sustained because this Court lacks subject matter jurisdiction.

Plaintiff's action against Defendant Nueces County, Texas, is hereby dismissed for lack of subject matter jurisdiction. This is a final order disposing of all claims against Defendant Nueces County, Texas.

Signed on ___9/15/14___

_____
JUDGE PRESIDING

RECEIVED
AUG 29 2014
PATSY PEREZ, DISTRICT CLERK
NUECES COUNTY

| Texas Administrative Code |
| Title 37. Public Safety and Corrections |
| Part 9. Texas Commission on Jail Standards |
| Chapter 259. New Construction Rules |
| Subchapter B. New Maximum Security Design, Construction and Furnishing Requirements |

37 TAC § 259.138

Tex. Admin. Code tit. 37, § 259.138

§ 259.138. Holding Cells

Currentness

(a) One or more holding cells shall be provided to hold inmates pending intake, processing, release, or other reason for temporary holding. Inmates shall not be held for more than 48 hours and the cell shall include the following features.

(1) Seating. A stationary bench or benches abutting the walls shall be provided. Benches shall be 17" to 19" above the finished floor and not less than 12" wide. Seating shall be sufficient to provide not less than 24 linear inches per inmate at cell capacity.

(2) Plumbing. Cells shall be provided with adequate toilets, lavatories, and floor drains. The floor shall be properly pitched to drains.

(3) Cell Size. The size of the cell shall be determined by the anticipated maximum number of inmates to be confined at any one time. Cells shall be constructed to house from one to 24 inmates and shall contain not less than 40 square feet of floor space for the first inmate and 18 square feet of floor space for each additional inmate to be confined.

(4) Surfaces. Floor, wall, and ceiling material shall be durable and easily cleaned.

(5) Supervision. The cell shall be located and constructed to facilitate supervision of the cell area and to materially reduce noise.

(b) Remote Holding Cells. Holding cells that are separate from the facility and utilized for direct court holding, processing, or for inmates awaiting transportation. Inmates shall not be held for more than 4 hours and the cell shall include the following features.

(1) Seating. A stationary bench or benches abutting the walls shall be provided. Benches shall be 17" to 19" above the finished floor, and not less than 12" wide. Seating shall be sufficient to provide not less than 18 linear inches per inmate at cell capacity.

(2) Plumbing. Cells shall be provided with adequate toilets, lavatories capable of providing drinking water, and floor drains. The floor shall be properly pitched to drains.

(3) Cell Size. The size of the cell shall be determined by the anticipated maximum number of inmates to be confined at any one time. Cells shall be constructed to house from one to 24 inmates and the capacity shall be determined by the amount of seating provided and posted at the exterior of the cell.

(4) Surfaces. Floor, wall, and ceiling material shall be durable and easily cleaned.

(5) Supervision. The cell shall be located and constructed to facilitate supervision of the cell area and to materially reduce noise.

(6) Smoke Detection. Smoke detection capability shall be provided. The alarm shall annunciate at a staffed location in close proximity to the cell. Additional life safety items shall be compatible with the remainder of the building.

(7) Audible Communication. Audible communications shall be provided.

(c) Remote Holding Cells. Holding cells that are separate from the facility and utilized for direct court holding, processing, or for inmates awaiting transportation. Inmates shall not be held for more than 8 hours and the cell shall include the following features.

(1) Seating. A stationary bench or benches abutting the walls shall be provided. Benches shall be 17" to 19" above the finished floor, and not less than 12" wide. Seating shall be sufficient to provide not less than 24 linear inches per inmate at cell capacity.

(2) Plumbing. Cells shall be provided with adequate toilets, lavatories capable of providing drinking water, and floor drains. The floor shall be properly pitched to drains.

(3) Cell Size. The size of the cell shall be determined by the anticipated maximum number of inmates to be confined at any one time. Cells shall be constructed to house from one to 24 inmates and shall contain not less than 40 square feet of floor space for the first inmate and 18 square feet of floor space for each additional inmate to be confined.

(4) Surfaces. Floor, wall, and ceiling material shall be durable and easily cleaned.

(5) Supervision. The cell shall be located and constructed to facilitate supervision of the cell area and to materially reduce noise.

(6) Smoke Detection. Smoke detection capability shall be provided. The alarm shall annunciate at a staffed location in close proximity to the cell. Additional life safety items shall be compatible with the remainder of the building.

(7) Audible Communication. Audible communications shall be provided.

**Credits**

**Source:** The provisions of this § 259.138 adopted to be effective December 12, 1994, 19 TexReg 9376; amended to be effective August 16, 1996, 21 TexReg 7565; amended to be effective February 4, 1999, 24 TexReg 591; amended to be effective May 3, 2000, 25 TexReg 3791; amended to be effective October 16, 2007, 32 TexReg 7267.

Current through 40 Tex.Reg. No. 7734, dated October 30, 2015, as effective on or before October 30, 2015

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

37 TAC § 259.138, 37 TX ADC § 259.138

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

| Texas Administrative Code |
|---|
| Title 37. Public Safety and Corrections |
| Part 9. Texas Commission on Jail Standards |
| Chapter 277. Clothing, Personal Hygiene and Bedding |

37 TAC § 277.8

Tex. Admin. Code tit. 37, § 277.8

§ 277.8. Bedding and Linens

Currentness

A standard issue of bedding and linens to each inmate to be placed in housing shall include, but shall not be limited to, the following clean, safe, and serviceable items:

(1) one mattress;

(2) one sheet or mattress cover;

(3) one towel;

(4) one blanket, or more depending upon climatic conditions. Inmates detained in holding and/or detoxification cells may be provided with the above items.

**Credits**

**Source:** The provisions of this §277.8 adopted to be effective December 20, 1994, 19 TexReg 9652; amended to be effective May 3, 1995, 20 TexReg 2867; amended to be effective March 31, 2014, 39 TexReg 2296.

Current through 40 Tex.Reg. No. 7734, dated October 30, 2015, as effective on or before October 30, 2015

37 TAC § 277.8, 37 TX ADC § 277.8

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

| Texas Administrative Code |
| Title 37. Public Safety and Corrections |
| Part 9. Texas Commission on Jail Standards |
| Chapter 297. Compliance and Enforcement |

37 TAC § 297.9

Tex. Admin. Code tit. 37, § 297.9

§ 297.9. Other Commission Remedies

Currentness

In addition to or in lieu of the remedial order remedies described in § 297.8 of this title (relating to Remedial Order by Commission) the commission may institute an action in its own name to enforce or enjoin the violation of its orders, rules or procedures, or the Local Government Code, Chapter 351. An action brought pursuant to this section is in addition to any other action, proceeding or remedy provided by law, and may be brought in a district court of Travis County, Texas. A suit brought under this section shall be given preferential setting and shall be tried by the Court, without a jury, unless the responsible officials request a jury, in accordance with the Local Government Code, Chapter 351. The commission shall be represented by the attorney general in such actions.

**Credits**

**Source:** The provisions of this § 297.9 adopted to be effective December 27, 1994, 19 TexReg 9882.

Current through 40 Tex.Reg. No. 7734, dated October 30, 2015, as effective on or before October 30, 2015

37 TAC § 297.9, 37 TX ADC § 297.9

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

NETSCAN

2013 TX REG TEXT 339463 (NS)

Texas Regulation Text - Netscan
37 TAC 277.8
Proposed
October 04, 2013
Public Safety and Corrections

**Bedding and Linens**

The Texas Commission on Jail Standards proposes an amendment to s.277.8, concerning Bedding and Linens. The purpose of the proposed amendment is to give sheriffs discretion in providing bedding and linens to persons in holding/detoxification cells.

37 TAC 277.8

37 TAC 277.8

**TITLE 37. PUBLIC SAFETY AND CORRECTIONS**

**PART 9. TEXAS COMMISSION ON JAIL STANDARDS**

**CHAPTER 277. CLOTHING, PERSONAL HYGIENE AND BEDDING**

**37 TAC §277.8**

The Texas Commission on Jail Standards proposes an amendment to §277.8, concerning Bedding and Linens. The purpose of the proposed amendment is to give sheriffs discretion in providing bedding and linens to persons in holding/detoxification cells.

Brandon S. Wood, Executive Director, has determined that for the first five year period the amendment is in effect there will be no fiscal implications for state or local government as a result of enforcing or administering the amended section.

Mr. Wood has also determined that for each year of the first five years the amendment is in effect the public benefits anticipated as a result of enforcing the amendment as proposed will be clarification of existing standards. There will be no effect on small businesses. There is no anticipated economic cost to persons who are required to comply with the amendment as proposed.

Comments on the proposal may be submitted to Diana Spiller, P.O. Box 12985, Austin, Texas 78711; (512) 463-5505.

The amendment is proposed under Government Code, Chapter 511, which provides the Texas Commission on Jail Standards with the authority to adopt reasonable rules and procedures establishing minimum standards for the construction, equipment, maintenance, and operation of county jails.

The statutes that are affected by this amendment are Local Government Code, Chapter 351, §351.002 and §351.015.

This agency hereby certifies that the proposal has been reviewed by legal counsel and found to be within the agency's legal authority to adopt.

Filed with the Office of the Secretary of State on September 18, 2013.

TRD-201304077

Brandon S. Wood

Executive Director

Texas Commission on Jail Standards

Earliest possible date of adoption: November 3, 2013

For further information, please call: (512) 463-8236

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**NETSCAN**

NETSCAN

2014 TX REG TEXT 339463 (NS)

Texas Regulation Text - Netscan
37 TAC 277.8
Adopted
March 28, 2014
Effective: March 31, 2014
Public Safety and Corrections

## Bedding and Linens

The Texas Commission on Jail Standards (TCJS) adopts an amendment to s.277.8, concerning Bedding and Linens, with changes to the proposed text as published in the October 4, 2013, issue of the Texas Register (38 TexReg 6885).

37 TAC 277.8

37 TAC 277.8

## TITLE 37. PUBLIC SAFETY AND CORRECTIONS

## PART 9. TEXAS COMMISSION ON JAIL STANDARDS

## CHAPTER 277. CLOTHING, PERSONAL HYGIENE AND BEDDING

## 37 TAC §277.8

The Texas Commission on Jail Standards (TCJS) adopts an amendment to §277.8, concerning Bedding and Linens, with changes to the proposed text as published in the October 4, 2013, issue of the *Texas Register* (38 TexReg 6885).

The purpose of the proposed addition is to clarify the issuance of bedding and linens to inmates.

Multiple comments were received from representatives of the Texas Jail Project opposing the proposed amendment. The commenters opposed giving sheriff or his or her designee the discretion to provide bedding and linen items to inmates detained in holding or in detoxification cells. TCJS chairperson appointed a committee to study the standard.

The amendment is adopted under Government Code, Chapter 511, which provides the Texas Commission on Jail Standards with the authority to adopt reasonable rules and procedures establishing minimum standards for the construction, equipment, maintenance, and operation of county jails.

The agency certifies that legal counsel has reviewed the adoption and found it to be a valid exercise of the agency's legal authority.

Filed with the Office of the Secretary of State on March 11, 2014.

TRD-201401125

Brandon S. Wood

Executive Director

Texas Commission on Jail Standards

Effective date: March 31, 2014

Proposal publication date: October 4, 2013

For further information, please call: (512) 463-8236

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**NETSCAN**